UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KIM M. RICHARDSON, | Case No. 11-12605 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| COMMISSIONER OF SOCIAL SECURITY, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendant. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 7, 8)**

**I.   PROCEDURAL HISTORY**

   A.   Proceedings in this Court

On June 15, 2011, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Nancy G. Edmunds referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of disability and disability insurance benefits. (Dkt. 2). This matter is currently before the Court on cross-motions for summary judgment. (Dkt. 7, 8).

   B.   Administrative Proceedings

Plaintiff filed the instant claims on March 21, 2007, alleging that she

became unable to work on March 14, 2002. (Dkt. 5-5, Pg ID 126-128). The claim was initially disapproved by the Commissioner on May 3, 2007. (Dkt.5-4, Pg ID 86-89). Plaintiff requested a hearing and on June 15, 2009, plaintiff appeared with counsel before Administrative Law Judge (ALJ) Joanne E. Adamczyk, who considered the case *de novo*. In a decision dated December 4, 2009, the ALJ found that plaintiff was not disabled. (Dkt. 5-2, Pg ID 29-39). Plaintiff requested a review of this decision on December 17, 2009. (Dkt. 5-2, Pg ID 26). The ALJ's decision became the final decision of the Commissioner when, after the review of additional exhibits[1] (Dkt. 5-2, Pg ID 20-21), the Appeals Council, on April 12, 2011, denied plaintiff's request for review. (Dkt. 5-2, Pg ID 18-20); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion to remand under sentence six be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the findings of the Commissioner be **AFFIRMED**.

---

[1] In this circuit, where the Appeals Council considers additional evidence but denies a request to review the ALJ's decision, since it has been held that the record is closed at the administrative law judge level, those "AC" exhibits submitted to the Appeals Council are not part of the record for purposes of judicial review. *See Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996). Therefore, since district court review of the administrative record is limited to the ALJ's decision, which is the final decision of the Commissioner, the court can consider only that evidence presented to the ALJ. In other words, Appeals Council evidence may not be considered for the purpose of substantial evidence review.

## II.   FACTUAL BACKGROUND

### A.   ALJ Findings

Plaintiff was 54 years of age at the time of the most recent administrative hearing. (Dkt. 5-5, Pg ID 127). Plaintiff's relevant work history included approximately 20 years as an assembler. (Dkt. 5-6, Pg ID141). In denying plaintiff's claims, the ALJ considered bilateral carpal tunnel in both hands, micro valve prolapse in the heart, and arthritis in the back as possible bases of disability. (Dkt. 5-6, Pg ID 140).

The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity during the period from her disability date of March 14, 2002 through her date last insured of December 31, 2003. (Dkt. 5-2, Pg ID 34). At step two, the ALJ found that plaintiff's bilateral carpal tunnel syndrome and mitral valve prolapse with occasional supra-ventricular tachycardia were "severe" within the meaning of the second sequential step. *Id.* At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id.* At step four, the ALJ found that plaintiff could not perform her previous work as an assembler. (Dkt. 5-2, Pg ID 37). At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy. *Id.*

B. <u>Plaintiff's Claims of Error</u>

Plaintiff argues that this matter should be remanded under sentence six. Plaintiff presented evidence relating to the diagnosis and treatment of a neck condition from 2002, before her last date insured. She recounts her efforts to obtain this evidence before and after the hearing and asserts that she has shown "good cause" under sentence six. She also argues that the evidence is new and material because it relates to a severe impairment she had during the insured period that was not previously documented in the medical evidence of record. According to plaintiff, the evidence is material because it sheds light on a new severe impairment that was not present at the time of the prior denial of March 13, 2002. Plaintiff went to Dr. Bhagat on March 15, 2002, two days after the prior ALJ denial, and "complains of pain in her neck and her neck is stiff." (Tr. 479). On April 8, 2002, an MRI of the cervical spine was performed for "pain in neck radiating to shoulders, tingling." (Tr. 505). This imaging study showed "advanced degenerative changes present at the C4-5 and C5-6 levels . . . diffuse abnormal signal intensity throughout most of C4 and the superior half of C5 vertebral bodies. There is slight increased signal intensity in the disc space at C4-5." (Tr. 505). Also at C4-5, where the signal intensity was seen, the radiologist discussed a "disc protrusion and posterior spurring centrally effacing the anterior spinal cord with mild spinal stenosis." (Tr. 505). "At C3-4, there is a small disc protrusion

and posterior spur eccentric to the left with no spinal stenosis . . . At C5-6, there is mild posterior spurring with no significant spinal stenosis.  At C6-7, findings are consistent with a herniated disc and spur on the right." (Tr. 505).  According to plaintiff, two of the hypothetical questions posed at the hearing would lead to a finding of disability.  The second hypothetical led the VE to respond that "there would be [jobs] in the sedentary unskilled category." (Tr. 44-45).  The third hypothetical led to no jobs available.  (Tr. 45).  According to plaintiff, either of the final two hypotheticals in this case would allow for a finding of disability because plaintiff was an individual closely approaching advanced age during the period in question and Medical Vocational Guideline 201.12 would direct a finding of disability.  Plaintiff explains that the RFC utilized in the December 4, 2009 denial is the RFC utilized in the 2002 denial because "the record revealed that the claimant had not submitted new and additional evidence to the record and the claimant's circumstances had not changed to provide a basis for a different finding." (Tr. 18, 56).  According to plaintiff, the new medical evidence of record during the period in question shows a new severe impairment of degenerative disc disease of the cervical spine and should be considered in formulating plaintiff's RFC.

      C.    <u>The Commissioner's Motion for Summary Judgment</u>

The Commissioner does not seriously contest the "good cause" and "new"

requirements for a sentence six remand. However, the Commissioner argues that even assuming that the records from Dr. Bhagat were new and that there was good cause for not submitting them earlier, plaintiff has failed to demonstrate that a remand pursuant to sentence six is warranted because she does not show that the evidence was material. Plaintiff asserts that the new evidence regarding her neck condition was "substantial" because it sheds light on a new severe impairment that was not present at the time of the previous ALJ's decision and that the evidence should be considered in determining her RFC. However, the Commissioner points out that this is not the standard for demonstrating that new evidence is material. Rather, plaintiff is required to show that there was a reasonable probability that the ALJ would have reached a different disposition of her claim. The evidence presented by plaintiff falls far short of demonstrating that there was a reasonable probability that the ALJ would have found her disabled if the evidence had been before her.

    Viewed in the best possible light, the Commissioner argues that the evidence merely shows that plaintiff had abnormalities in her neck that caused pain, stiffness, and some restricted motion for a short period. For example, plaintiff complained to Dr. Bhagat in March 2002 of neck pain and stiffness and she had some restricted movement. (Tr. 479). But, 10 days later, plaintiff's neck condition was apparently not severe enough for her to interrupt a trip to Texas for

testing. (Tr. 466). And, while an MRI the next month did show several abnormalities, plaintiff reported in June 2002 that her neck was better. (Tr. 478). She also stated that she had no problem other than when she hyper-extended it. (Tr. 478). Plaintiff returned to Dr. Bhagat in August 2002, but there is no indication of any neck problem at that time. (Tr. 477). In March 2003, plaintiff stated that her neck pain had subsided and that she had not seen a specialist because her neck had improved. (Tr. 477). Although plaintiff earlier stated that she did not see the specialist because she was unable to afford it (Tr. 478), the Commissioner asserts that the evidence shows that plaintiff did not have neck symptoms in March 2003. (Tr. 477). Further, plaintiff presented to Dr. Bhagat in September and October 2003, but the treatment notes make no mention of any neck symptoms. (Tr. 476). The Commissioner contends that there is no evidence that plaintiff had any lasting neck symptoms requiring treatment. Consequently, the Commissioner urges the Court to conclude that there is no reasonable probability that the ALJ would have altered the RFC assessment if presented with the evidence, let alone having to decide that plaintiff was disabled because of it; and thus, evidence is not material.

The Commissioner further points out that plaintiff fails to explain what the evidence shows about her functioning and how it would have effected the outcome of the ALJ's decision. She alludes to the fact that if she were found capable of

only sedentary work, she would have been found disabled pursuant to Rule 201.12, found in the Medical-Vocational Guidelines at 20 C.F.R. part 404, subpart P, App. 2. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles such as docket files, small tools, or ledgers. 20 C.F.R. § 404.1567(a). Although sedentary work is defined as work that involves sitting, a certain amount of walking and standing is often necessary. *Id*. However, the Commissioner points out that plaintiff does not explain how limited movement and pain in her neck would have reduced her functioning to this level. Finally, the Commissioner contends that plaintiff's argument ignores the fact that the ALJ did include a limitation pertaining to her neck in the RFC. (Tr. 18). The ALJ found that she could tolerate only occasional changes in the elevation in her head. (Tr. 18). Thus, even if plaintiff did have some neck limitation, she fails to explain why the limitation included by the ALJ would not have accommodated it. For these reasons, the Commissioner argues that plaintiff has not shown that the evidence presented to the Appeals Council was material and a remand pursuant to sentence six is not warranted in this case.

## III.  DISCUSSION

### A.  <u>Legal Standards</u>

The Court may remand a case under two separate circumstances identified in 42 U.S.C. § 405(g). These two kinds of remand are referred to as "sentence

four" and "sentence six" remands due to their placement in the statute.  In a sentence four remand, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  A remand entered pursuant to sentence four must accompany an order affirming, modifying, or reversing the Commissioner's decision.  *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991).  A sentence six remand is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g).  Unlike a sentence four remand, in a sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination."  *Melkonyan,* 501 U.S. at 98.  Instead, the remand is the result of new evidence "that was not available to the claimant at the time of the administrative proceeding and that ... might have changed the outcome of the prior proceeding."  *Id*.  At this time, only plaintiff's request for a remand under sentence six is at issue.

Under sentence six of 42 U.S.C. § 405(g), plaintiff has the burden to demonstrate that this evidence is "new" and "material" and that there is "good cause" for failing to present this evidence in the prior proceeding.  *Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 483 (6th Cir. 2006); *Longworth v. Comm'r of*

*Soc. Sec.*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486. "Good cause" is *not* established solely because the new evidence was not generated until after the ALJ's decision; the Sixth Circuit has taken a "harder line" on the good cause test. *Oliver v. Sec'y of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 Fed.Appx. 593, 598-99 (6th Cir. 2001). A plaintiff attempting to introduce new evidence must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *see also Brace v. Comm'r*, 97 Fed.Appx. 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing with the ALJ did not establish good cause); *Cranfield v. Comm'r*, 79 Fed.Appx. 852, 859 (6th Cir. 2003). Additionally, in order to establish materiality, plaintiff must show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed.Appx. 547, 550 (6th Cir. 2007).

    B.    <u>Analysis and Conclusion</u>

The undersigned agrees with the Commissioner that plaintiff has failed to establish that the new evidence was "material" as that term has been defined by the Sixth Circuit. As set forth above, in order to establish materiality, plaintiff must

show that the introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Sec. of HHS.*, 865 F.2d 709, 711 (6th Cir. 1988); *Hensley v. Comm'r of Soc. Sec.*, 214 Fed.Appx. 547, 550 (6th Cir. 2007). While plaintiff provides evidence of a neck impairment, she does not explain how this reduces her functional limitations and how this impairment would have caused the ALJ to find that she was disabled. Rather, plaintiff merely argues that the neck impairment would have caused her to have a sedentary RFC. Plaintiff does not explain how or why this is so. She seems to suggest that the existence of an additional condition or impairment would have automatically reduced her RFC to the sedentary level, which would direct a finding of disability. However, this assertion is not supported by the evidence submitted. And, the mere existence of a condition does not equate to disability. That is, simply because plaintiff suffers from a certain condition or carries a certain diagnoses does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what a claimant can do, not what maladies a claimant suffers from-though the maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily mean that condition is "severe" under the Act or that

her RFC would be different because of it. Simply, plaintiff does not adequately explain why or how the records submitted would have reasonably persuaded the ALJ to make a different decision for the period at issue and thus, the undersigned concludes that a sentence six remand based on the post-decision records is not appropriate.

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion to remand under sentence six be **DENIED**, the Commissioner's motion for summary judgment be **GRANTED**, and the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: August 27, 2012               s/Michael Hluchaniuk
                                    Michael Hluchaniuk
                                    United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on August 27, 2012 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Richard J. Doud, Derri T. Thomas, AUSA, and the Commissioner of Social Security.

                                    s/Darlene Chubb
                                    Judicial Assistant
                                    (810) 341-7850
                                    darlene_chubb@mied.uscourts.gov